**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN MITCHELL, AKA Johnmalalieu Mitchell,

                Petitioner - Appellant,

  v.

MATTHEW MARTEL, Acting Warden of Mule Creek State Prison; ATTORNEY GENERAL,

                Respondents - Appellees.

No. 09-55935

D.C. No. 2:05-cv-06782-PA-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted August 29, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and SEEBORG, District Judge.[**]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

      [**]    The Honorable Richard Seeborg, District Judge for the U.S. District Court for Northern California, San Francisco, sitting by designation.

California state prisoner John Mitchell appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction of robbery and of firearm possession by a felon. We review the district court's decision to deny Mitchell's petition for a writ of habeas corpus de novo. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004).

Mitchell argues that he is entitled to habeas relief on the ground that he was denied his Sixth Amendment right to a fair trial as a result of jury misconduct, and specifically contends that jurors considered extrinsic evidence, an issue we certified, as well as making other complaints about alleged juror coercion, which were not certified. The state trial court held a hearing to determine if there was any merit to Mitchell's claims. After a searching inquiry, the trial court made a factual finding that there was no credible evidence of any juror misconduct, and the California Court of Appeal affirmed. In reaching its decision after hearing, the state trial court explicitly contrasted the views of three jurors who had complained with the views expressed by other jurors whose statements did not indicate that coercive actions or discussion of extrinsic evidence occurred, and the state court made a credibility determination adverse to Mitchell's position. We also note that even the three jurors who complained of misconduct, who the state court explicitly characterized as not credible, gave no indication of misconduct when they were polled in open court about their verdict.

A state court's findings of fact are binding on federal habeas review unless the proceeding resulted in a conclusion that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A reviewing federal court must presume that the factual findings of the state trial and appellate courts are correct. 28 U.S.C. § 2254(e)(1). "A federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable," *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).

Here, the state court's findings of fact are amply supported by the record. Mitchell has not shown that his claim of juror misconduct, adjudicated by the state court on the merits, resulted in a decision that was contrary to, or an unreasonable application of, controlling law as determined by the United States Supreme Court. Nor has he shown that the state court decisions rejecting his claims of juror misconduct after hearing presented an unreasonable determination of the facts based on the evidence presented to the state trial court in its hearing.

Finally, we decline to consider the issues not included in the certificate of appealability because in our view none of the uncertified issues present questions on which reasonable jurists would differ.

**AFFIRMED.**